FILED

2012 MAY 15  AM 11: 36

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF ORANGE, STATE OF FLORIDA
CIVIL DIVISION
(Orlando)

GLADYS VEGA,

      Plaintiff

                                  CASE NO.:

-vs-

NCO FINANCIAL SYSTEMS, INC.,    6-12-CV-732-Orl-22KRS

      Defendant.
_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.    This is an action for damages not exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

3.    Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

4.    The alleged violations described in the Complaint occurred in Orange County, Florida.

### FACTS COMMON TO ALL COUNTS

5.    Plaintiff is a "consumer" pursuant to Florida Statue 559.55(2).

6.    Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3).

7.    Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

8.    Defendant is a "debt collector" as defined in 15 U.S.C §1692(a)(6).

1

9.    Defendant is a "debt collector" as defined in Florida Statue 559.55(6).

10.   Defendant consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of an unknown amount and unknown account.

11.   Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12.   The Defendant has intentionally harassed and abused the Plaintiff on numerous occasions in outrageous format by their agents and representatives, including but not limited to an individual known as "Jennifer Postole," calling for a person by the name of *"Samuel Alicea"* of whom the Plaintiff has no knowledge, with such frequency as can be reasonably expected to harass the Plaintiff.

13.   In or about September 2011, Plaintiff received a call from Defendant for a *"Samuel Alicea"* and informed Defendant that she had no knowledge of a *"Samuel Alicea."*

14.   The Defendant by their agents and representatives, including but not limited to an individual known as "Jennifer Postole," has intentionally harassed the Plaintiff on numerous occasions with a barrage of phone calls for a *"Samuel Alicea"*, including but not limited to calls on:

| Date | Day | Time |
|------|-----|------|
| 9-8-2011 | Thursday | Unknown |
| 9-16-2011 | Friday | 2:40pm |
| 9-21-2011 | Wednesday | 2:30pm |
| 10-3-2011 | Monday | 2:30pm |
| 10-20-2011 | Thursday | 9:25am |
| 10-21-2011 | Friday | 9:35am |
| 10-24-2011 | Monday | 2:15pm |
| 10-27-2011 | Thursday | 10:55am |
| 10-30-2011 | Monday | 9:45am |

| 11-1-2011 | Tuesday | 10:30am |
| 11-2-2011 | Wednesday | 7:45pm |
| 11-4-2011 | Friday | 6:00pm |
| 11-7-2011 | Monday | 6:45pm |
| 11-8-2011 | Tuesday | 10:49am |
| 11-9-2011 | Wednesday | 6:35pm |
| 11-10-2011 | Thursday | 1:47pm |
| 11-12-2011 | Saturday | 9:05am |
| 11-12-2011 | Saturday | 11:31am |
| 11-14-2011 | Monday | 3:12pm |
| 11-15-2011 | Tuesday | 9:50am |
| 11-16-2011 | Wednesday | 2:29pm |
| 11-18-2011 | Friday | 10:30am |
| 11-22-2011 | Tuesday | 8:45am |

15.    The Defendant has intentionally harassed and abused the Plaintiff in an outrageous format by their agents and representatives continuously calling Plaintiff's phone and leaving the same recorded message.

> "This message is from NCO Financial Systems. A debt collection company. This is an attempt to collect a debt and any information obtained is used for that purpose. Please return the call to Jennifer Postole at 800-206-7177. Again, that is Jennifer Postole at 800-206-7177. Thank you. NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained is used for that purpose. When calling. Please call and please refer to HJ0752. Thank you. Good Bye."

13.    The Defendant called the plaintiff approximately thirty (30) times in violation of the FCCPA and FDCPA.

14.    Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

15.    Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

16.    Defendant was acting as a debt collector with respect to the collection of some individual known only as *"Samuel Alicea"* - an individual unknown to the Plaintiff.

17.    The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Foti v. NCO Fin. Sys.*, 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006).

18.     Defendant's repeated attempts to collect this debt from Plaintiff, a person whom did not owe this debt, was an invasion of Plaintiff's privacy and her right to be left alone.

19.     Defendant has a corporate policy to continue calling individuals despite those individuals asking calls to stop.

20.     Defendant has a corporate policy to continue calling individuals despite those individuals telling the Defendant they do not owe the amount the Defendant was collecting.

21.     Plaintiff suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

22.     Because of the stress, anxiety, and embarrassment from the continued calls and threats by the Defendant in an attempt to coerce the Plaintiff to pay a debt, Plaintiff has sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

23.     Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

24.     All conditions precedent to the filing of this action has occurred.

## COUNT I
### Violation of the FCCPA

25.     Plaintiff incorporates paragraphs one (1) through twenty-four (24) above as though fully stated herein.

26.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

4

27.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

28.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

29.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

30.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

        **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### Violation of the FDCPA

31.     Plaintiff incorporates paragraphs one (1) through twenty-four (24) above as though fully stated herein.

32.     At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

33.     Defendant has violated 15 U.S.C. §1692(b)(3) by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer more than once unless requested to do so by such person or unless the debt collector reasonably

believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

34.     Defendant has violated 15 U.S.C. §1692(c)(a)(1) by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

35.     Defendant has violated 15 U.S.C. §1692(c)(b) by communicating with a party other than the consumer, his attorney or consumer reporting agency, regarding the alleged debt.

36.     Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

37.     Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

38.     Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

39.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

40.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual damages pursuant to 15 U.S.C §1692(k)(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. 1692(k)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k)(a)(3), from each and every Defendant herein.

        **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### Invasion of Privacy

41.    Plaintiff incorporates paragraphs one (1) through twenty-four (24) above as though fully stated herein.

42.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy*.
> 15 U.S.C. § 1692(a) (emphasis added)

43.    Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff by repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

44.    Defendant and its agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's right to privacy.

45.    Plaintiff had a reasonably expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

46.    The conduct of the Defendant and its agents in engaging in the above-described illegal collection conduct against the plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

7

47.     As a result of such intrusions and invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT IV**
**Deceptive and Unfair Trade Practices**

48.     Plaintiff incorporates paragraphs one (1) through twenty-four (24) above as though fully stated herein.

49.     At all times relevant to this action, Defendant is subject to and must abide by the laws of Florida, including Florida Statute § 501.204.

50.     The Defendant has violated Florida Statute § 501.204 by engaging in unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce as described above.

51.     The Defendant made false statements regarding the legitimacy and enforceability of the alleged debt in an attempt to coerce her into paying a debt they knew she did not owe.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff